JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALEJANDRO CHAVEZ,<br><br>Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC, and DOES 1 through 20, inclusive,<br><br>Defendants. | Case No.: SACV 23-00303-CJC (ADSx)<br><br><br>ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. 14] |

I.   INTRODUCTION & BACKGROUND

On January 9, 2023, Plaintiff Alejandro Chavez filed this action in the Superior Court of California, County of Orange, against Defendant BMW of North America, LLC, and unnamed Does, asserting claims for breach of express and implied warranties under the Song-Beverly Consumer Warranty Act (the "Act") relating to a used 2016 BMW 740LI that he purchased.  (*See* Dkt. 4-2 [Complaint, hereinafter "Compl."].)  Defendant

removed the case to this Court, asserting diversity jurisdiction. (*See* Dkt. 4 [Notice of Removal, hereinafter "NOR"].) Before the Court is Plaintiff's motion to remand. (*See* Dkt. 14 [Plaintiff's Notice of Motion and Motion for Remand to State Court, hereinafter "Mot."].) For the following reasons, that motion is **GRANTED**.[1]

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction," possessing "only that power authorized by Constitution and statute." *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (internal quotations omitted). A defendant may remove to federal district court a civil action brought in state court, but over which a federal court may exercise original jurisdiction. *See* 28 U.S.C. § 1441(a). By statute, federal courts have diversity jurisdiction over suits where more than $75,000 is in controversy if the citizenship of each plaintiff is different from that of each defendant. *See* 28 U.S.C. § 1332(a). "[T]he amount in controversy includes damages (compensatory, punitive, or otherwise), the costs of complying with an injunction, and attorneys' fees awarded under fee-shifting statutes or contract." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018).

The burden of establishing subject matter jurisdiction falls on the defendant. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A notice of removal must include only "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553–54, (2014). But where "the plaintiff contests, or the court questions, the defendant's

---

[1] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for April 24, 2023, at 1:30 p.m. is hereby vacated and removed from the calendar.

allegation" and "both sides submit proof," the defendant must prove the amount in controversy by a preponderance of the evidence. *Id*. at 554.

The removal statute is strictly construed against removal jurisdiction. *See Gaus*, 980 F.2d at 566. Indeed, "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* If the court determines that it lacks subject matter jurisdiction, the action shall be remanded to state court. *See* 28 U.S.C. § 1447(c).

### III.  ANALYSIS

Chavez alleges that the total amount in controversy exceeds $25,000 but does not allege a specific amount in controversy. (*See* Compl. ¶ 14.) BMW calculates its asserted amount in controversy by adding the amount of "the retail installment sales contract for the Subject Vehicle," equaling $51,910.64, to a penalty of double that amount for a total of $155,731.92. (*See* NOR at 2, 4.) Thus, even without including attorneys' fees, which are "generally at least another $100,000 through trial," BMW contends that the amount in controversy exceeds $75,000. (*See id.* at 4.) However, after examining actual damages, civil penalties, and attorneys' fees, the Court concludes that Defendant has failed to meet its burden to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

### A.  Defendant Fails to Carry its Burden as to Actual Damages

The first category of damages that BMW includes in its calculation of the amount in controversy is actual damages. Actual damages under the Act are the "actual price paid or payable by the buyer," minus the reduction in value "directly attributable to use by the buyer." Cal. Civ. Code § 1793.2(d)(2)(B)–(C).

BMW's calculation of damages fails to account properly for use of the car before Chavez tendered it for repair. *See id.* § 1793.2(d)(2)(C) ("[T]he amount to be paid by the manufacturer to the buyer may be reduced by the manufacturer by that amount directly attributable to use by the buyer prior to the time the buyer first delivered the vehicle to the manufacturer or distributor, or its authorized service and repair facility for correction of the problem that gave rise to the nonconformity."). This is often called a "use offset." *See, e.g.*, *Schneider v. Ford Motor Co.*, 756 F. App'x 699, 700–01 (9th Cir. 2018). Though BMW briefly discusses an offset calculation, it does not explain the source of the 6,445 miles stated in that calculation or, if that is an assumption as to the number of miles driven, why that assumption is reasonable. (*See* NOR at 5; Dkt. 4-1 [Declaration of Abtin Amir ISO Defendant BMW of North America, LLC's Notice of Removal, hereinafter "Amir Decl."] ¶ 5.) BMW's oversight is especially significant here, where Chavez has driven the car for three years, because it is possible that Chavez drove the car for many more miles before he took it in for repair. *See, e.g.*, *Mullin v. FCA US, LLC*, 2020 WL 2509081, at *3 (C.D. Cal. May 14, 2020) (remanding where the defendants "failed to take into account the mileage offset in alleging that the amount in controversy exceeds the jurisdictional minimum"); *Eberle v. Jaguar Land Rover N. Am., LLC*, 2018 WL 4674598, at *2 (C.D. Cal. Sept. 26, 2018) (remanding, even where the purchase price of the car was high, because the defendant "offered no maintenance record or any other facts to assist the Court in determining what the actual damages might be without resorting to speculation").

Given BMW's failure to account for the use offset, it has failed to carry its burden as to Plaintiff's actual damages. *See, e.g.*, *Edwards v. Ford Motor Co.*, 2016 WL 6583585, at *4 (C.D. Cal. Nov. 4, 2016) (concluding that "Defendant has failed to establish the likelihood that Plaintiff may recover *any* amount of actual damages by a preponderance of the evidence" where the court lacked information about, among other

things, what the use offset would be); *Sanchez v. Ford Motor Co.*, 2018 WL 6787354, at *1 (C.D. Cal. Dec. 4, 2018) (remanding where defendant did not account for use offset).[2]

### B. BMW Fails to Carry its Burden as to a Civil Penalty

The next category that BMW includes in its estimate of the amount in controversy is a civil penalty, which it says is two times actual damages. (*See* NOR at 4–5.) A plaintiff who establishes that a violation of the Act was willful may recover a civil penalty of up to two times the amount of actual damages. *See* Cal. Civ. Code § 1794(c) (authorizing a civil penalty where the violation was willful).

"The civil penalty under California Civil Code § 1794(c) cannot simply be assumed." *Castillo v. FCA USA, LLC*, 2019 WL 6607006, at *2 (S.D. Cal. Dec. 5, 2019) (remanding where the defendant provided no specific argument or evidence for including a civil penalty in the amount in controversy); *see also Zawaideh v. BMW of N. Am., LLC*, 2018 WL 1805103, at *2 (S.D. Cal. Apr. 17, 2018) (explaining that a defendant may not "simply assume that because a civil penalty is available, one will be awarded"); *Chavez*, 2020 WL 468909, at *2 (remanding where the defendant did not explain why a penalty applying to willful conduct would be awarded in the case); *Eberle*, 2018 WL 4674598, at *2 (similar). Rather, the defendant "must make some effort to justify the assumption." *Zawaideh*, 2018 WL 1805103, at *2; *Herko v. FCA US, LLC*, 2019 WL 5587140, at *2 (S.D. Cal. Oct. 30, 2019) (similar); *see also Sanchez*, 2018 WL 6787354, at *1 (remanding where civil penalties were "too speculative for inclusion in the amount-in-

---

[2] BMW also tries to support its amount-in-controversy assertion by noting that Chavez seeks incidental and consequential damages in addition to actual damages. (*See* NOR at 2, 4–5; Dkt. 17 [BMW of North America, LLC's Opposition to Plaintiff's Motion to Remand, hereinafter "Opp."] at 5.) But BMW only notes that fact, and it provides no estimate of what those damages might equal, let alone an explanation for such an estimate. Thus, BMW has not met its burden with respect to these categories of damages as well.

controversy"); *Chajon v. Ford Motor Co.*, 2019 WL 994019, at *2 (C.D. Cal. Jan. 8, 2019) (similar).

BMW has not shown by a preponderance of the evidence that a civil penalty would be awarded in this case. It points only to Chavez's allegation that he should recover a civil penalty and two cases discussing penalties under the Act. (*See* NOR at 5; Opp. at 5.) But BMW does not explain how those cases are similar to this one. Because courts do not simply assume that a civil penalty will be awarded and the removal statute is strictly construed against removal jurisdiction, this plainly does not suffice.

### C.   BMW Fails to Carry its Burden as to Attorneys' Fees

Attorneys' fees that accrue after the filing of a notice of removal may be included in an estimate of the amount in controversy. *See Fritsch*, 899 F.3d at 795. But a removing defendant must "prove that the amount in controversy (including attorneys' fees) exceeds the jurisdictional threshold by a preponderance of the evidence" and must "make this showing with summary-judgment-type evidence." *Id.* "A district court may reject a defendant's attempts to include future attorneys' fees in the amount in controversy if the defendant fails to satisfy this burden of proof." *Id.*

Here, BMW makes no effort to explain what amount of attorneys' fees might be sought or awarded. (*See* NOR at 6–7.) BMW's counsel baldly asserts that counsel "routinely sees attorneys from the California plaintiffs' bar demand, and often receive, over $100,000 in . . . fees and costs following trial in these Song-Beverly vehicle warranty matters, and they routinely demand $15,000 or more for early settlements." (Amir Decl. ¶ 4.) But other than vaguely citing his "experience," he "provides no indication how he knows" this to be the case. *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1059 n.5 (9th Cir. 2002). Counsel does not, for example, cite the cases he has

previously litigated like this one and the fees incurred. Thus, the declaration amounts to nothing more than "conclusory allegations unsupported by factual data." *Hansen v. United States*, 7 F.3d 137, 138 (9th Cir. 1993). Nor does BMW or counsel provide an estimate of the hours that will be incurred or hourly rates that would apply in this case. *See Mullin*, 2020 WL 2509081, at *4 (citing such a deficiency in remanding); *Castillo*, 2019 WL 6607006, at *2 (similar); *Sanchez*, 2018 WL 6787354, at *1 (remanding where attorneys' fees were "too speculative for inclusion in the amount-in-controversy"); *Chajon*, 2019 WL 994019, at *2 (similar).

## IV.  CONCLUSION

Simply put, the values that BMW used to compute the amount in controversy are not adequately supported. Since there remains doubt whether the amount in controversy exceeds $75,000, the Court must remand the case. *See Gaus*, 980 F.2d at 566. Accordingly, Chavez's motion to remand is **GRANTED**, and this action is **REMANDED** to the Superior Court of California, County of Orange.

DATED:   April 11, 2023

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE